44265. SHARPE v. THE STATE.

FELTON, Chief Judge. 1. Although the defendant had the right to wear civilian clothes rather than prison clothing at his trial (21 AmJur2d 275, Criminal Law, § 239, and cit.), this is a procedural right that may be lost where there is a failure to assert it properly. Op. cit., § 239, citing French v. State (Okla.) 416 P2d 171 and People v. Shaw, 7 Mich. App. 187 (151 NW2d 381). See also *Timmons v. State,* 223 Ga. 450 (1) (156 SE2d 68), and cit.

Where the defendant was represented at his trial by counsel, who permitted him to be brought into the courtroom in his prison uniform and remain there so dressed throughout the impaneling of the jury, then announced ready for trial, without making any pre-trial motions to delay or continue the trial until he could obtain civilian clothing, the above-mentioned procedural right was thereby lost by waiver. Ac-

cordingly, the court did not err in its judgment denying the motion of the defendant's counsel for a mistrial based on the deprivation of said right, made at the beginning of the trial.

Even if the judgment were error, it would not have been harmful, inasmuch as the evidence subsequently adduced at the trial revealed that the defendant was a prisoner anyway and the court gave a correct and full charge upon the issue of the presumption of innocence, to which there was no objection.

2. There was no contention that the evidence did not support the verdict.

*Judgment affirmed. Pannell and Quillian, JJ., concur.*

SUBMITTED FEBRUARY 3, 1969—DECIDED FEBRUARY 20, 1969.

*William F. Pearce, Jr.,* for appellant.

*W. B. Skipworth, Jr., Solicitor General, Frank K. Martin,* for appellee.