## 26081. BRIDGES v. THE STATE.

FELTON, Justice. 1. The evidence authorized the verdict of guilty of robbery, for which the defendant was sentenced to five years' imprisonment in the state penitentiary. Enumerated error 4 is without merit for this reason and others hereinafter stated.

2. It is not shown that the trial court erred in overruling defense counsel's motion for a mistrial on the ground, in effect, that the State's counsel, in his *unreported* argument to the jury, *may* have stated *in substance* that, in his opinion, there was no doubt of the defendant's guilt. The prosecuting attorney has the right and duty to argue his version of what the evidence produced at the trial has proved. *O'Bryant v. State,* 222 Ga. 326 (7) (149 SE2d 654). The trial judge, who was present during the argument, ruled that no opinion as to the guilt or innocence of the accused had been expressed, but merely conclusions and inferences from the evidence. See *Johnson v. State,* 150 Ga. 67 (1) (102 SE 439). ". . . [T]he burden is upon the party challenging the legality of a decision to prove error by the record. *Saliba v. Saliba,* 201 Ga. 681, 688 (40 SE2d 732). The presumption is in favor of the regularity and legality of all proceedings in the court below. *Grinad v. State,* 34 Ga. 270 (1)." *Newton v. Newton,* 222 Ga. 175 (2) (149 SE2d 128). The defendant had available the procedure of *Code Ann.* § 6-805 (d) (Ga. L. 1965, pp. 18, 24) with which to amplify the record. In the absence of a record of the argument in question, it is impossible to determine that the remarks were prejudicial to the defendant or that the court erred in failing to grant defendant's motion for a mistrial on account of them. See *White v. State,* 118 Ga. App. 515 (2) (164 SE2d 158). Enumerated error 1 is without merit.

3. "Evidence as to the time when and the place where arrested, the manner of the arrest, how the accused was armed, and whether he resisted, *and all the circumstances connected with the arrest,* are proper matters to be submitted to the jury to be weighed by them for what they are worth. *Wayne v. State,* 56 Ga. 114, 119 (5); *McClung v. State,* 206 Ga. 421, 423 (57 SE2d 559)." (Emphasis supplied.) *Clements v. State,* 226 Ga. 66 (1) (172 SE2d 600). Accordingly, where there was evidence that the

victim had just paid $2.50 for his share of a pint of whiskey just prior to the robbery; that the defendant took from the victim a $20 bill, two $5 bills and twelve $1 bills, as well as some coins; that a $1 bill was found at the scene of the crime; and that the defendant had paid someone $2.25 to be driven two or three miles from the scene of the crime, the trial court did not err in admitting in evidence the $20 bill, $5 bill, ten $1 bills and coins found in the possession of the defendant upon his arrest within several minutes after the occurrence of the robbery. The jury might have found that the slight discrepancy between the two amounts was caused by the victim's having failed to subtract from the amount he had previously the $2.50 which he testified he paid for some whiskey just prior to the robbery, plus the possibility that some of the money, in addition to the $1 bill found on the ground after the robbery, may have been dropped in the defendant's haste to flee the scene of his crime. Enumerated error 2 is without merit.

4. Enumerated error 3 complains that "the trial court erred in not suppressing evidence of the currency found on the defendant as the arrest and search was illegal and in violation of the defendant's constitutional rights under the Fourth and Fourteenth Amendments of the Federal Constitution and similar provisions of the Georgia Constitution and in violation of" *Code Ann.* § 27-308 (Ga. L. 1966, pp. 567, 570). The provisions of *Code Ann.* § 27-308 are not applicable, for the reason that the entry into the apartment in which the defendant was arrested was not in the execution of a search warrant, since none was obtained. As for the defendant's arrest, the trial court probably would have been authorized to find it occurred after probable cause. See *Mitchell v. State,* 226 Ga. 450, 453 (175 SE2d 545) and cit. Aside from this, however, the defendant never made a written motion for suppression of this evidence as provided in and required by *Code Ann.* § 27-313, nor does he satisfactorily explain his failure to do so. *Gilmore v. State,* 117 Ga. App. 67 (2) (159 SE2d 474); *Garrett v. State,* 120 Ga. App. 611 (2) (171 SE2d 772) and cit. This enumerated error is without merit.

The trial court did not err in entering the judgment on the verdict.

*Judgment affirmed. All the Justices concur.*

SUBMITTED OCTOBER 14, 1970—DECIDED DECEMBER 3, 1970.

*Glenn Zell,* for appellant.

*Lewis R. Slaton, District Attorney, Stephen A. Land, Tony H. Hight, J. Melvin England, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, William R. Childers, Jr., Assistant Attorneys General,* for appellee.