## 57253. BUTTS v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant appeals from the revocation of probation of a prior sentence for robbery. *Held:*

1. Enumerated errors one and two argue the general grounds. There is sufficient evidence to support the judgment of the court.

2. The third enumeration of error alleges the court erred in its denial of the defendant's motion to suppress. We do not agree. An armed robber entered the Kings Inn Motel in Milledgeville, Georgia, during the early morning hours of June 27, 1978. He pulled a knife and the clerk could see the end of a gun barrel in a shaving type kit he carried. She placed the money in a "C & S green bag." The police were notified. A police officer heard the broadcast "about 3 a.m." He was "patrolling the immediate area" when he saw "A figure of a black subject running." He stopped the suspect—who fumbled around "the waist line of his trousers." As the officer had been notified that the suspect had a knife and a gun and this was "like 10 or 15 minutes after this robbery had taken place," he pulled his revolver and held him until other officers arrived. The suspect continued "juggling around in the waistband, down somewhat in the trousers . . . he still had his hands down in the groin area." The suspect then told them that he "was over at the Huddle House . . . and some dude run in there with a money bag and set it down in a seat . . . when he saw the police, he got up and run" so the suspect picked up the money bag. A pat down of the defendant resulted in a jingling sound and the police officer removed a "green C & S money bag — deposit bag, containing money" from the right pants leg of the defendant.

After an armed robbery by a black male, where a police officer sees a black male running, at 3 a.m. in the morning, in the immediate area of the robbery — within 10 to 15 minutes after the robbery, and who thereafter acts in a suspicious manner — this provides a sufficient basis for a "Terry" type stop. *Newman v. State,* 237 Ga. 376, 379 (228 SE2d 790). "What is demanded of the police officer . . . is a founded suspicion, some necessary basis from which the court can determine that the detention

was not arbitrary or harassing." *Brisbane v. State,* 233 Ga. 339, 341 (211 SE2d 294). There were sufficient articulable facts to authorize the stop. The protective pat down was authorized to protect the officer who had been notified the robber was armed with a knife and a gun. The stolen property was found during the authorized search. This evidence alone is a sufficient basis for revocation of defendant's probation. Accordingly, we need not reach the remainder of defendant's enumerated errors, except as to his allegation that the prior sentence was void.

3. The defendant alleges the court erred in vacating the prior probated sentence as it was void. We do not agree. The state submitted the first probated sentence which showed that it was imposed for " armed robbery" and was dated 14 April 1978. This court, in *State v. Stuckey,* 145 Ga. App. 434 (243 SE2d 627), held that the trial court "has no jurisdiction to probate a sentence imposed on conviction of armed robbery." We held the probated sentence to be "vold . . . no sentence at all." Id. at 435.

We will not consider the evidence submitted in the brief of the appellee. *Young v. State,* 144 Ga. App. 712 (1) (242 SE2d 351). However, the assistant district attorney stated that the defendant entered his plea of guilty in the first trial to the lesser offense of "robbery" and it was so indicated on the back of the indictment in her handwriting. The assistant district attorney stated the changed plea was signed by all counsel and the court sentenced the defendant for "robbery" — not "armed robbery," and she admitted that she did not revise the front page of the indictment — which showed "armed robbery." The record indicates that the judge who entered the original sentence — corrected the original record to show that the probated sentence was entered for the offense of "robbery," on July 17, 1978 — the third term after the sentence was entered.

The trial court correctly ruled "that the Court did have authority at any time to correct an error on its records and that they retain jurisdiction and that was well beyond the term of the Court."

" 'Attorneys are officers of the court, and a statement to the court in his place is prima facie true and needs no

further verification unless the same is required by the court or the opposite party.' " *Morris v. State,* 228 Ga. 39, 49 (184 SE2d 82); *Cross v. Cook,* 147 Ga. App. 695, 696 (250 SE2d 28). Thus, the assistant district attorney showed the clerical error that existed in the first order. "[I]t is the court's duty — to correct its own records to make them speak the truth. [Cits.] Where based solely on the record, and without the necessity for the introduction of extrinsic evidence, the court may, on its own motion and without notice, enter such judgment and decree nunc pro tunc at a later date; and since such entry simply perfects the record, as between the parties it relates back to the time when it should have been entered. . ." *Maloy v. Planter's Warehouse &c. Co.,* 142 Ga. App. 69, 75 (234 SE2d 807). The entries relied upon in the instant case to show error were on the back of the indictment. The sentencing judge could—based entirely on the record before him, enter a correcting order in a term after the one in which it was entered (*Union Circulation Co. v. Trust Co. Bank,* 143 Ga. App. 715, 717 (240 SE2d 100) vacated 241 Ga. 343 other grounds) Accord, 1 Freeman on Judgments (5th Ed.) 267, 269, §§ 140, 141; Black, Law of Judgments 220, § 154; 49 CJS 436, 438, Judgments, §§ 229, 230; 46 AmJur2d 848, Judgments, § 699), and the nunc pro tunc entry relates back to perfect the original record. We find no merit to this enumeration.

4. Defendant's last enumerated error contends the trial court erred in applying a standard of proof requiring only slight evidence "which denies defendant due process." Defendant has not entered a citation to the record where this objection was made to the trial court—thus the enumeration is abandoned. Rule 18 (c) (2) (Code Ann. § 24-3618 (c) (2)). Furthermore, we have searched the record and transcript and find no evidence that this allegation was ever presented to the trial court for resolution. Any question not raised and passed on in the trial court presents nothing for review to an appellate court. *Abrams v. State,* 223 Ga. 216, 225 (154 SE2d 443).

*Judgment affirmed. Smith and Birdsong, JJ., concur.*

Submitted February 8, 1979 — Decided March 8, 1979 —

*Gilmore, Waddell & Phillips, Thomas J. Phillips, Jr.,* for appellant.

*Joseph H. Briley, District Attorney, Sallie Rich Jocoy, Assistant District Attorney,* for appellee.