## 59403. HAYSLIP v. THE STATE.

SMITH, Judge.

Appellant appeals his convictions for aggravated assault and robbery by intimidation. Finding none of his enumerations of error meritorious, we affirm the conviction.

1. Appellant contends that the trial court erred in overruling his motion for continuance and permitting him to be tried in his "prison garb." See *Sharpe v. State,* 119 Ga. App. 222 (166 SE2d 645) (1969). Under the circumstances of this case, we find no error.

Although the clothing which appellant wore at trial was the clothing issued by the sheriff and although appellant testified that he had "civilian" clothing available to him, the evidence adduced at the hearing on the motion for continuance establishes that appellant was not prejudiced by the trial court's denial of the motion. The evidence is uncontroverted that appellant's "prison garb" was in fact a pair of blue denim coveralls. The coveralls bore no numbers or others marks commonly associated with prison uniforms. As the Lowndes County Sheriff testified: "It's just a regular pair of blue coveralls with a zipper in the front. No markings, front, back or anything . . ."

We conclude that appellant's clothing, though issued by the sheriff, was sufficiently "civilian" to preclude the possibility of prejudice to appellant.

2. The victim identified appellant at trial. Appellant contends the in-court identification procedure was unduly suggestive and requires that his conviction be reversed.

The victim was a 77-year old woman who obviously had difficulty viewing at a distance. The prosecuting attorney stated in his place that "the witness is squinting and leaning forward in an effort" to make an identification. After the witness asked, "Is that Duane?" the trial court permitted her to leave the stand and view the defendant at close range. The witness made a positive identification of the defendant, stating "Yes, this is Duane. Yeah, that's him."

While the in-court identification procedure was certainly unusual, it was nonetheless proper under the circumstances of this case. Clearly, the witness had visual problems and had to leave the stand in order to make the identification. The "leading" quality of the identification procedure arose from necessity. McCormick, Handbook on Evidence (2d Ed.) § 6, p. 10 provides a helpful analogy in its discussion of leading questions: "Additional relaxations are grounded in necessity. Thus, the judge, when need appears, will ordinarily permit leading questions to children, or to witnesses so ignorant, timid, weak-minded, or deficient in the English language, that they cannot otherwise be brought to understand what

information is sought. It is recognized, especially as to children, that in these cases the danger of false suggestion is at its highest, but it is better to face that danger than to abandon altogether the effort to bring out what the witness knows." Prior to the identification at issue in this case, the victim testified that she personally knew "Duane" and that he was the individual who attacked her. The identification permitted the state to connect up the "Duane" about whom the victim had previously testified with the accused.

Appellant argues that the "suggestive" and "leading" nature of the identification procedure created a substantial likelihood of misidentification. See Neil v. Biggers, 409 U. S. 188 (93 SC 375, 34 LE2d 401) (1972); *Towns v. State,* 136 Ga. App. 467 (221 SE2d 631) (1975). In our view, any misidentification was far more likely to arise from the victim's visual difficulties than the identification procedure used at trial, especially since the identification was based upon a longstanding personal association with the accused.

The trial court instructed the jury: "The defendant also contends that there was a mistaken identity; that he was misidentified, or he was not the person whose identity was sworn to by the victim in this case. It is for you, the Jury, to say whether or not, under the evidence in this case, the testimony of the witness in this case, Mrs. Wetherington, and the facts and circumstances sufficiently identify the defendant as the perpetrator of the crime beyond a reasonable doubt. It is not necessary that the defendant show that another person committed the offense. It is sufficient if there are facts and circumstances in this case which would raise a reasonable doubt as to whether this defendant is, in fact, the person who committed the crime. In passing on this issue, you have the right to take into consideration all of the factors previously charged you in regard to the credibility of the witnesses." The question of the sufficiency of the identification was placed in the hands of the jury, and the jury resolved the question against appellant notwithstanding the victim's visual problems. Under the circumstances of this case, we do not believe the jury's determination should be disturbed solely on the basis of the identification procedure used at trial.

3. We cannot agree with appellant that the court erred in denying appellant's motion for directed verdict as to Count 1 of the indictment (aggravated assault). It alleges that appellant "did . . . make an assault upon the person of Mrs. Cordie Wetherington, with a certain claw hammer . . ." The victim testified: "He had that hammer when he come in . . . It was in his pocket. Now, I won't be too sure about this, but I think it was in his pocket, back pocket, but by the time he got in and he locked the door lock, he showed me the hammer, and he done just like that (indicating) at me. He said, 'I'm going to kill

you.' And, oh, it scared me. I was just scared nearly about to death." Contrary to appellant's assertions, the state did not have to prove that the victim was actually struck with the hammer in order to establish the allegations of Count 1 of the indictment. The evidence was sufficient to support the conviction. See Code §§ 26-1301, 26-1302; *Boyd v. State,* 244 Ga. 130, 132 (259 SE2d 71) (1979).

4. The remaining enumerations of error are without merit.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

SUBMITTED FEBRUARY 4, 1980 — DECIDED JUNE 11, 1980.

*Reginald C. Wisenbaker,* for appellant.

*H. Lamar Cole, District Attorney, Richard Shelton, Assistant District Attorney,* for appellee.