## 62738. HARLEY v. THE STATE.

BIRDSONG, Judge.

Tommy Harley was convicted of robbery and sentenced to serve ten years. He brings this appeal enumerating one error. *Held:*

The evidence shows that Harley and a companion entered a store in Locust Grove. The companion picked up a container of beer and Harley picked up a small package of headache powder. Both men waited until all the customers in the store had left the premises. Then Harley approached the register counter and asked for chewing tobacco. The manager put the headache powder in a bag and reached behind him to get the tobacco. Harley indicated some indecision and while the manager had his back turned, Harley's companion reached over the counter and removed several hundred dollars from the cash register. The manager had several minutes during which time he had observed Harley and his companion. Harley was described as being over six feet tall and the companion as being much smaller or about eight inches shorter. Harley ran out the door followed by the companion and possibly another participant. Two men were seen running from the vicinity of the store and entering a small light brown or tan station wagon containing three to five passengers and driver. The car had a Washington, D. C. tag. Harley was described as wearing

a brown leisure suit. The companion was described as wearing a blue top and blue pants such as in a sweat suit. A report was made of the robbery and this description was placed over police radio circuits. About 15 to 20 minutes later, a light brown or tan Mazda station wagon was observed traveling up I-75, approximately a 15 or 20 minute drive from Locust Grove. The car had five males in it and a Washington, D. C. temporary tag. The car was stopped and the driver (Harley) was observed to have on a beige leisure suit. He was observed to be in excess of six feet tall. Another of the passengers was much shorter and was wearing blue colored clothes. The occupants were placed under arrest and a search of the car disclosed in the console between the front seat a small sack containing a package of snuff and a headache powder. In the back seat was found a roll of money. The occupants of the car were taken to a police station. About three or four hours after the robbery, the store manager was brought to the station and observed seven men in a lineup. Several tall men and short men were included in the lineup which also included the five suspects apprehended in the car. The victim of the robbery indicated that based upon his close and unobstructed observation in the store he had picked out the tall man and short man while the lineup was filing into the room and before the line was formed. The identification was based upon the appearance of the men including their face, size and clothing worn. The victim had no reservations or doubt about the two men picked out.

Appellant's counsel in this case initially sought to file an Anders motion but that motion to withdraw was denied when appellant objected to the consequent failure of appeal.

The only error filed by appellant is that the in-court identification was tainted by a suggestive lineup prior to trial. In an abundance of caution, this court has also combed the record for any other apparent errors and examined for the sufficiency of the evidence to support the verdict and sentence. The show-up was not unnecessarily suggestive nor was there a likelihood of misidentification. Neil v. Biggers, 409 U. S. 188 (93 SC 375, 34 LE2d 401). The show-up was conducted with disparate persons and was tantamount to an on-the-scene confrontation conducted as soon as possible after the offense. It was an immediate product of the offense and the appellant's apprehension. Practicalities inherent in this type of situation suggest that an immediate confrontation between the victim and suspect is essential both to law enforcement and to fairness toward innocent suspects. *Walker v. State,* 139 Ga. App. 751, 752 (229 SE2d 546). Because the in-court identification was shown to be independent of the lineup identification, the admission into evidence of the in-court identification was not error. *Brinks v. State,*

232 Ga. 13 (205 SE2d 247); *Coleman v. State,* 150 Ga. App. 380 (258 SE2d 12).

Our further examination of the record fails to disclose any errors prejudicial to the substantial rights of the appellant. The quantum of evidence certainly was sufficient to convince any reasonable trier of fact that appellant was guilty of the offense charged beyond a reasonable doubt. *Baldwin v. State,* 153 Ga. App. 35, 37 (264 SE2d 528).

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 2, 1981 —
REHEARING DENIED DECEMBER 4, 1981.

*Arch W. McGarity,* for appellant.

*E. Byron Smith, District Attorney, Tommy K. Floyd, Assistant District Attorney,* for appellee.