## 66631. PIKE v. THE STATE.

SOGNIER, Judge.

Appellant was convicted of burglary, aggravated assault, aggravated sodomy and rape. On appeal he contends the trial court erred by allowing appellant's written admission into evidence, and by forcing appellant, over timely objection, to stand trial wearing prison clothing.

As appellant's enumeration relating to prison clothing is dispositive of this case, we will address only that issue. In this regard, it was stipulated that appellant's *only* civilian clothing was taken from him at the time of his arrest and sent to the crime laboratory. His clothing had not been returned to him at the time of trial.

Appellant argues that forcing a defendant to wear prison garb is a denial of the presumption of innocence and a violation of his due process rights under the Fourteenth Amendment to the Constitution of the United States (Code Ann. § 1-815 et seq.). We agree.

The Georgia courts have consistently recognized a criminal defendant's right to appear at trial in civilian clothing. *Timmons v. State,* 223 Ga. 450 (1) (156 SE2d 68) (1967); *Sharpe v. State,* 119 Ga. App. 222 (1) (166 SE2d 645) (1969); *Whittington v. State,* 155 Ga. App. 667 (1) (272 SE2d 532) (1980). However, Georgia cases dealing with such a right involve either a waiver of the right, *Timmons, Sharpe,* supra, or cases in which the state presented evidence to show that the prison garb being worn bore no distinctive marks and was not otherwise different than normal civilian attire. *Whittington,* supra; *Hayslip v. State,* 154 Ga. App. 835 (1) (270 SE2d 61) (1980). Thus, the Georgia cases shed no light on the issue confronting us here. However, the same issue has been addressed by the federal courts.

In Dennis v. Dees, 278 FSupp. 354, 359 (6) (1968) the court held: "As declared in Eaddy v. People, 115 Colo. 488, 174 P.2d 717, 'the presumption of innocence requires the garb of innocence.' To force a defendant, against his will, to stand trial before a jury dressed in striped prison garb is the very antithesis of the 'garb of innocence' and hence is . . . a deprivation of the due process of law guaranteed by the Fourteenth Amendment to the Constitution of the United States (Code Ann. § 1-815 et seq.). For this reason, *even if for no other* . . . a writ of habeas corpus should be granted." (Emphasis supplied.)

In Hernandez v. Beto, 443 F2d 634, 636-637 (3) (5th Cir. 1971) it was held: "We conclude that trying Hernandez in his prison clothing infringed a fundamental right — the presumption of innocence."

Since Georgia recognizes the right of a criminal defendant to appear before the jury in civilian clothing and the federal courts have held that a violation of that right is a deprivation of due process of law guaranteed by the Fourteenth Amendment to the Constitution of the United States (Code Ann. § 1-815 et seq.), it was error to overrule appellant's timely objection to being forced to appear for trial in prison clothing. The state's argument that appellant has not met his burden of showing error is without merit, for this court has held: "But, 'before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt,' *and the burden for the showing rests with the prosecution.*" (Emphasis supplied.) *LaRue v. State,* 137 Ga. App. 762, 764 (2) (224 SE2d 837) (1976). See also Chapman v. California, 386 U. S. 18, 24 (87 SC 824, 17 LE2d 705). Since the state made no attempt to meet this burden by the presentation of evidence or otherwise, and we have no way of determining what effect appellant's appearance in prison garb had on the minds of the jurors, we cannot say that the error was harmless beyond a reasonable doubt.

*Judgment reversed. On Motion for Rehearing, this became a whole court case and I am authorized to state that: Shulman, C. J.,*

*Deen, P. J., Quillian, P. J., and Birdsong, J., concur. McMurray, P. J., Banke, Carley and Pope, JJ., dissent.*

Decided November 28, 1983 —
Rehearing denied December 20, 1983 — 

*Jay W. Bouldin,* for appellant.
*Robert E. Keller, District Attorney, David C. Marshall, Assistant District Attorney,* for appellee.

ON MOTION FOR REHEARING.

SOGNIER, Judge.

On motion for rehearing the state recognizes the deficiency caused by the record's failure to show that the prison garb worn by appellant was not distinctive and bore no markings identifying it as prison garb. The state now attempts to supplement the record by means of a post-trial affidavit and three photographs to show that the prison garb worn by appellant was not distinctive from normal civilian attire. This request is based on the provisions of OCGA § 5-6-41 (f) (Code Ann. § 6-805), which authorizes a supplemental record to correct omissions or misstatements so the transcript truly and fully discloses what transpired at trial. The evidence we are asked to consider was not omitted from the transcript nor does it relate to misstatements at trial. Rather, it is new and additional evidence which was *not* presented at trial, and as such is not authorized by § 5-6-41 (f) (Code Ann. § 6-805). *Huckaby v. State,* 128 Ga. App. 79 (195 SE2d 688) (1973); *Scott v. Leder,* 164 Ga. App. 334, 335 (4) (297 SE2d 103) (1982). Thus, we are bound by the record of trial and cannot consider the state's proffered additional evidence.

The record in this case shows the following colloquy concerning appellant's prison garb.

"Mr. Bouldin [Defendant's counsel]: . . . I would so object and have it noted on the record . . . that my client is dressed in prison garb, and I would strenuously object to him being brought before a jury under these conditions.

"Mr. Keller [District attorney]: Your Honor, I would ask the record to reflect that Charlie Hall, who is courtroom bailiff in charge of prisoners, . . . attempted to find any clothing that was non-prison issue clothing, that Mr. Pike, . . . due to the nature of the offense, did not have clothing with him because they (sic) were seized as evidence in his case, that *there was no clothing available* to the jail *other than the issued prison grab* [sic], . . .

"*This being the only available clothing* and there being no

evidence that any other clothing was available . . . the objection should be noted for whatever purpose Mr. Bouldin seems (sic) necessary, but there is nothing we can do at this point.

". . . We don't have to dress them. That's the reason you've got prison issue clothing.

"Mr. Bouldin: Your Honor, I'd also ask that it be noted or I'll stipulate to the fact that the reason he has no civilian clothes or outside clothes *and has to wear prison clothes* is because they were taken from him at the time of arrest and sent to the crime lab.

"Mr. Keller: Your Honor, *that is right.*" (Emphasis supplied.)

Appellate courts are guided by the record and cannot rely on extra-judicial statements contained in briefs or arguments of counsel. *Holzmeister v. State,* 156 Ga. App. 94 (1) (274 SE2d 109) (1980); *Butts v. State,* 149 Ga. App. 492, 493 (3) (254 SE2d 719) (1979). Had the state offered any evidence at trial that the prison garb was not distinctive in any way and bore no markings of any kind, reversal on this issue would not have been necessary. However, as we stated in our original opinion, once a constitutional violation has been shown, as was done here, the burden is on the prosecution to show that such constitutional error was harmless beyond a reasonable doubt. *LaRue v. State,* 137 Ga. App. 762, 764 (2) (224 SE2d 837) (1976). Accordingly, the motion for rehearing is denied.

*Motion for rehearing denied. Shulman, C. J., Deen, P. J., Quillian, P. J., and Birdsong, J. concur. McMurray, P. J., Banke, Carley and Pope, JJ., dissent.*

BANKE, Judge, dissenting.

I join Judge Pope in his dissent and further note that there is absolutely nothing in the record to show or prove that the defendant was wearing "prison garb" of the type proscribed by Dennis v. Dees, 278 FSupp. 354 (1968), the primary case relied on by the majority. The record is quite clear that the defendant was wearing blue jeans and a light blue shirt without any markings or identification of any kind. Such attire is worn by millions of people every day.

The mere statement of counsel that the defendant was wearing "prison garb" is conclusory. If counsel had pointed out how and in what way such clothing appeared to be "prison garb" only then would it be incumbent upon the state to assume the burden of proving otherwise.

Further, there is absolutely nothing in the record to show the defendant was *denied* the right to obtain clothing of his own choice, nor is there any constitutional, statutory, or regulatory requirement that a county jail furnish clothing for a defendant when tried. The record indicates the defendant's clothing was sent to the laboratory

to be analyzed as evidence. Had he been required to wear the same clothes at trial that he wore during the alleged criminal activity, that, in my opinion, would have been error.

The majority concedes there is no Georgia case that supports its contention in this case and relies instead on one Federal District Court opinion that speaks of "striped prison garb." There is no such evidence in the case at bar. I would affirm.

POPE, Judge, dissenting.

I respectfully dissent.

1. There can be no doubt that defendant in this case could not, consistent with the Constitution, be compelled to stand trial before a jury while dressed in *identifiable* prison clothing. Estelle v. Williams, 425 U. S. 501, 512 (96 SC 1691, 48 LE2d 126) (1976); see *Sharpe v. State,* 119 Ga. App. 222 (1) (166 SE2d 645) (1969). Further, the record on appeal discloses defendant's timely objection to being tried before a jury "dressed in prison garb. . . ." The state conceded at trial that defendant's clothing was indeed "prison issue clothing." Nevertheless, the only description in the record here as to the physical appearance of the subject prison issue clothing was a witness' identification of defendant at trial as "[t]he gentleman . . . in the light blue shirt."

It is well established that the burden is on the party challenging the legality of a decision to prove error by the record, and that there is a presumption in favor of the regularity and legality of all proceedings in the court below. See *Bridges v. State,* 227 Ga. 24 (2) (178 SE2d 861) (1970). Simply because the subject clothing was supplied by an incarcerating authority does not support the majority's conclusion that the clothing was "identifiable" as prison clothing. See, e.g., *Whittington v. State,* 155 Ga. App. 667 (1) (272 SE2d 532) (1980); *Hayslip v. State,* 154 Ga. App. 835 (1) (270 SE2d 61) (1980). In the absence of an affirmative showing in the record here that the subject clothing was "identifiable" as prison clothing, this enumeration of error presents no ground for reversal.

2. My review of the record discloses no error for any reason assigned by defendant in the trial court's admitting into evidence oral testimony as to his written inculpatory statement.

I am authorized to state that Presiding Judge McMurray, Judge Banke and Judge Carley join in this dissent.