### 40752. THE STATE v. PIKE.
(320 SE2d 355)

HILL, Chief Justice.

We granted the state's application for certiorari to determine whether and under what circumstances a trial court may supplement the record to reveal the appearance of the clothing worn by the defendant during trial. *Pike v. State,* 169 Ga. App. 358 (312 SE2d 808) (1983).

At the commencement of trial, defense counsel objected to the defendant's being dressed in "prison garb." The prosecutor responded that the bailiff had attempted to find "non-prison issue clothing" without success, that the defendant's clothes had been seized as evidence in this (rape) case, that the state was under no duty to obtain civilian clothing for indigents,[1] and that was why the defendant was wearing "prison issue clothing." The defendant's objection was overruled and the trial commenced.

The defendant was charged with two counts of burglary and one count each of rape, aggravated sodomy and aggravated assault. The evidence showed that the defendant broke into the victim's apart-

---

[1] We are not called upon in this case to decide whether this assertion is correct. See Estelle v. Williams, 425 U. S. 501, 512 (96 SC 1691, 48 LE2d 126) (1976).

ment through a window in the afternoon using a screwdriver and was discovered by the victim going through the drawers in one bedroom. After the defendant forced the victim to accompany him around the apartment at gunpoint, he bound her with pantyhose and a belt, gagged her, removed her underpants by burning them with a lighter, and committed sodomy and rape. He then obtained a knife, cut the victim loose, removed his clothes and ordered the victim onto a bed. While investigating a burglary at another apartment, a police officer observed the broken window at the victim's apartment and entered it, observed the nude victim who warned the officer that the defendant had a gun, and arrested the defendant who was also nude. After he wore his pants to jail, the defendant's clothes were sent to the crime lab for examination.[2]

In an oral statement, the defendant admitted breaking into the apartment, admitted having consensual sex with the victim, and explained his tying her up by saying he thought she was a masochist. In a written statement, he said he went to a friend's apartment but she was not home, so he got in the only way he knew how; she called the police and claimed he broke in and raped her as revenge for some past difference.[3]

The victim testified that she had never seen the defendant before. She admitted that she did not volunteer to the investigating officers that she had been raped and sodomized but answered that she had when asked. Medical examination failed to confirm that a rape had occurred, but the gun, knife, screwdriver, and cigarette lighter used by the defendant were introduced into evidence along with the cut-up pantyhose. The jury found the defendant guilty of one burglary, rape, aggravated sodomy and aggravated assault.

The defendant appealed to the Court of Appeals, urging two enumerations of error, that the trial court erred in forcing him to trial wearing "prison garb," and erred in allowing his written statement into evidence (see footnote 3). The state responded that the record failed to show what the defendant was wearing at trial other than defense counsel's reference to "prison garb" and hence the defendant had failed in his burden of showing error in the record. The state also cited *Hayslip v. State*, 154 Ga. App. 835 (270 SE2d 61) (1980), and *Whittington v. State*, 155 Ga. App. 667 (272 SE2d 532) (1980). In

---

[2] As indicated by Judge Banke in his dissent in this case, if the state had required that the defendant appear before the jury wearing the clothes identified by police as having been found at the victim's apartment, that would have been the basis of an enumeration of error.

[3] Defendant's enumeration of error that his written statement was inadmissible because he did not admit using force in having intercourse is without merit. An admission by the defendant as to any element of the crime charged renders the statement admissible even though it fails to admit all the elements of that crime. Moreover, the defendant admitted, in effect, to breaking into the apartment.

*Hayslip*, authored by now Justice Smith, the court found no error when the defendant was tried wearing blue denim coveralls issued by the sheriff but bearing no numbers or other marks associated with prison uniforms. In *Whittington*, the court found no error when the defendant was tried wearing blue jeans and a brown or tan shirt, neither of which exhibited any marking commonly associated with prison uniforms.

In its decision rendered November 28, 1983, the Court of Appeals reversed defendant's conviction, finding that the trial court erred in requiring the defendant to be tried in "prison clothing" (which he was). The state then filed a motion in the trial court to supplement the record pursuant to OCGA § 5-6-41 (f), and thereafter filed a motion for rehearing in the Court of Appeals, urging that the defendant's clothing was not distinctive as "prison garb" and attaching a copy of its trial court motion to supplement the record along with photographs of clothing allegedly similar to that worn by the defendant at trial.

On motion for rehearing, the case went to the whole court. A majority denied the motion, adhering to its holding that requiring a defendant to be tried in prison clothing was error, finding that the burden was on the state to show that the prison clothing worn by the defendant was not distinctive, and finding that the state could not supplement the record so as to show the clothing worn by the defendant at trial on the ground that such evidence was new and additional evidence not presented at trial and as such not authorized by OCGA § 5-6-41 (f). We granted the petition for certiorari.

OCGA § 5-6-48 provides the procedure for an appellate court to require the trial court to supplement the record. It provides in pertinent part as follows: "At any stage of the proceedings, either before or after argument, the court shall by order, either with or without motion . . . require the trial court to make corrections in the record or transcript or certify what transpired below which does not appear from the record on appeal . . . or take any other action to perfect the appeal and record so that the appellate court can and will pass upon the appeal and not dismiss it." OCGA § 5-6-48 (d). Pursuant to this authority, this court ordered the trial court to supplement the record so as to show what the defendant wore at trial. The trial court held a hearing and found that during the trial the defendant wore a sky blue denim shirt with a white T-shirt showing at the neck, blue jeans and dark shoes, with no distinctive markings on them and which were not remarkable in any way from clothes commonly worn on the street.

OCGA § 5-6-41 (f), also material here, provides a procedure for the trial court to supplement the record without permission of the appellate court. It provides: "Where any party contends that the transcript or record does not truly or fully disclose what transpired in

the trial court and the parties are unable to agree thereon, the trial court shall set the matter down for a hearing with notice to both parties and resolve the difference so as to make the record conform to the truth. If anything material to either party is omitted from the record on appeal or is misstated therein, the parties by stipulation, or the trial court, either before or after the record is transmitted to the appellate court, on a proper suggestion or of its own initiative, may direct that the omission or misstatement shall be corrected and, if necessary, that a supplemental record shall be certified and transmitted by the clerk of the trial court."

There are two goals competing here: (1) The goal that cases be decided by appellate courts according to the true and complete facts as they occurred in the trial court; (2) the goal that cases on appeal not be delayed by further proceedings in the trial court. Of the two, the first prevails over the second, at least up to a point. That point is the rendition of the appellate court's decision. OCGA § 5-6-41 (f), supra, under which the action originates in the trial court, therefore is not to be used after rendition of an appellate court's decision as a vehicle to secure the grant of a motion for rehearing or application for certiorari. Once the appellate court renders its decision, OCGA § 5-6-48, supra, under which the action originates in the discretion of the appellate court, becomes the exclusive method for supplementing the record.

We therefore find no error in the Court of Appeals' refusal to entertain on motion for rehearing the supplementation of the record attempted here. However, we find that OCGA § 5-6-41 (f) may be utilized, if done in timely fashion, to make the record fully disclose what transpired in the trial court and to supply anything material which has been omitted from the record. The jury saw the defendant at trial. What he was wearing was not fully disclosed by the record and it was material. OCGA § 5-6-41 (f) therefore may be used, in timely fashion, to determine what the defendant wore at trial where objection has been made and the transcript does not show what the defendant wore.[4] In holding that what the defendant wore at trial was new evidence and as such not subject to OCGA § 5-6-41 (f), the Court of Appeals erred.

As seen above, an appellate court may, in its discretion, require that a record be supplemented as we have done in the present case, and may do so even after rendition of its decision. See *Dunn v. State*, 251 Ga. 731 (1) (309 SE2d 370) (1983). We find that the clothing worn by the defendant did not exhibit any marking commonly associated

---

[4] Better procedure would suggest that when such an objection is made, a description of the defendant's clothing be stated for the record at the time of the objection.

with prison clothing so as to render the defendant's trial unfair. If the defendant's clothing, as now disclosed by the supplemented record, was recognized by any juror as being prison issue, due to the overwhelming evidence of guilt we find that the error was harmless beyond a reasonable doubt.

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 6, 1984 —
REHEARING DENIED SEPTEMBER 26, 1984.

*Robert E. Keller, District Attorney, David C. Marshall, Assistant District Attorney,* for appellant.
*Jay W. Bouldin,* for appellee.