71089. ROBBINS v. THE STATE.
(340 SE2d 206)

BENHAM, Judge.

Appellant was convicted by a jury of conspiracy to commit murder. He now appeals the judgment of conviction, claiming that his constitutional due process right to a fair trial was violated by the trial court's allowing appellant's co-conspirator to testify at trial while wearing her prison clothing. We disagree and affirm.

It is well established that to compel a criminal defendant to wear distinctive prison garb at his trial is to deny him the presumption of innocence, a violation of his constitutional due process rights. *Pike v. State*, 169 Ga. App. 358 (312 SE2d 808) (1983), rev'd on other grounds, 253 Ga. 304 (320 SE2d 355) (1984). Whether the protection of that right extends to witnesses appears to be a question of first impression in this state. Other jurisdictions have declined to so extend it (see, e.g., *State ex rel. McMannis v. Mohn*, 163 W. Va. 129 (254 SE2d 805) (1979)), and under the circumstances in the case before us, we too decline to do so.

Appellant was tried while wearing civilian clothing, but when his co-conspirator, called to testify by the State, was brought in the courtroom, appellant objected to her wearing what appellant's counsel described as a "two-piece khaki-green jumpsuit that's clearly an institutional uniform of some sort." It does not appear from the record that the clothing had any markings or other indicia that distinguished

it as prison issue clothing. "This being so, 'we conclude that [the witness'] clothing . . . was sufficiently "civilian" to preclude the possibility of prejudice to appellant.' [Cit.]" *Whittington v. State*, 155 Ga. App. 667 (1) (272 SE2d 532) (1980). Moreover, at trial the prosecuting attorney asked the witness where she was living, and she responded, "Right now I'm in jail." Appellant's counsel made no objection. Any possible prejudice appellant might have suffered as a result of the witness' clothing was eliminated by her admission of incarceration. See *State v. Yates*, 174 Conn. 16 (381 A2d 536) (1977).

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur specially.*

BANKE, Chief Judge, concurring specially.

I concur fully in the majority's ruling that the appearance of a witness in prison garb is not error which will enable the defendant to obtain a new trial. However, having clearly set forth such a decision, the majority opinion goes on to suggest, unnecessarily, that a different result might obtain in cases where the prison garb is not "sufficiently 'civilian,' " or in cases where the status of the witness is not revealed in testimony. Since I do not believe such circumstances would require a different result, I respectfully disassociate myself from that portion of the majority opinion.

I am authorized to state that Presiding Judge McMurray joins in this special concurrence.

DECIDED JANUARY 8, 1986 —
REHEARING DENIED JANUARY 23, 1986.

*J. Curtis Hanks*, for appellant.
*Thomas C. Lawler III, District Attorney*, for appellee.