72567. LAIDLER v. THE STATE.
(348 SE2d 739)

SOGNIER, Judge.

Appellant appeals from his conviction of burglary, two counts of aggravated assault and two counts of attempted rape.

1. Appellant contends the trial court erred by overruling his motion to suppress identification testimony as to pre-trial lineups and in-court identification of appellant.

Although appellant filed a written motion to suppress identification testimony, there is nothing in the record of a hearing or what action, if any, was taken on the motion. If the motion was denied we

must assume, absent the availability to us of whatever material the trial court considered while hearing evidence on the motion, that the court properly exercised its judgment and discretion in denying the motion to suppress. *Myrick v. State*, 168 Ga. App. 223, 224 (2) (308 SE2d 563) (1983). If there was no hearing on the motion prior to trial, appellant made no objection to identification testimony and evidence when offered at trial, and this court will not consider questions raised for the first time on review. *Bowen v. State*, 173 Ga. App. 361, 362 (4) (326 SE2d 525) (1985). Nevertheless, we have read the entire transcript and find nothing improper in the photographic lineup or pretrial lineup which would taint the in-court identification of appellant. The adult victim, her son, and the second victim all identified appellant positively as the person who committed the offenses, and each of those persons testified that their identification was based on their observation of appellant when the offenses were committed, not on the lineups. When an in-court identification is shown to be independent of the lineup identification, the admission into evidence of the in-court identification is not error. *Harley v. State*, 160 Ga. App. 613, 614 (287 SE2d 582) (1981); *House v. State*, 170 Ga. App. 88, 89 (2) (316 SE2d 483) (1984). Hence, this enumeration of error is without merit.

2. Appellant contends the evidence is not sufficient to support the verdict. We have read the entire transcript and find the evidence sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

3. Appellant contends the trial court erred by allowing the State to introduce evidence of two prior convictions of appellant after he testified that he was in Tallahassee, Florida, purchasing drugs to sell, at the time the offenses charged here were committed. Appellant argues that this was alibi evidence, not character evidence, and was not offered to show that he was of such good character that he could not have committed the offenses charged. Thus, he contends the evidence of prior convictions was not admissible. This contention has been decided adversely to appellant in *Phillips v. State*, 254 Ga. 370, 372 (329 SE2d 475) (1985).

*Judgment affirmed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED SEPTEMBER 4, 1986.

*Edwin J. Perry III*, for appellant.

*J. Brown Moseley, District Attorney, Britt R. Priddy, Assistant District Attorney*, for appellee.