## DUNAWAY *v.* VIRGINIA-CAROLINA CHEMICAL COMPANY.

FISH, C. J.  On the trial of a suit based on promissory notes, the plaintiff offered in evidence a contract containing stipulations beneficial to it, in addition to the notes sued on.  It was attested by a witness, and its caption read, "State of Georgia, County of Lincoln."  The attesting witness was not produced.  To account for his absence another witness testified as follows: "I am the attorney for plaintiff. . . I have tried to discover the whereabouts of J. W. Johnson, the subscribing witness to the contract, but could not find him.  I have had the contract two or three weeks, and have written two letters to the company in this search.  While in Augusta I also went to the office of the company.  They told me he was not in Augusta and was not in their employment.  The only search I made was at said office.  I did not examine the directory.  I was told that he was in S. C., but my letter to him there was returned by the United States mail, stamped 'address unknown.'"  *Held,* that this was not a sufficient showing that the witness was inaccessible to admit proof that one of the defendants admitted having signed the contract in the firm name, and thereupon to allow the introduction of the contract in evidence.

(*a*)  The caption of the contract indicated that it was executed in Lincoln county.  It did not appear where the subscribing witness lived, or where his family, if he had one, resided, or that he was to be found at the company's office in Augusta rather than elsewhere.  The statement of the witness, that "I was told that he was in S. C.," did not amount to affirmative evidence that the subscribing witness was actually in South Carolina, or ever had been.  If he had not been at the place to which the letter of the witness on the stand was addressed, the return of such letter by the postal authorities was not proof of any change of residence. The very vague and general evidence did not suffice to show a proper inquiry at the proper place or places, or that in fact the witness was inaccessible upon such inquiry.

(*b*)  The admissibility in evidence of the contract was the only question argued in this court, and is the only point decided.
                                *Judgment reversed. All the Justices concur.*
                                SEPTEMBER 18, 1914.

Complaint.  Before Judge Walker.  Lincoln superior court.  May 27, 1913.

*Colley & Colley,* for plaintiff in error.  *J. M. Pitner,* contra.