29158. BREWER *v.* COMMERCIAL CREDIT COMPANY.

DECIDED NOVEMBER 7, 1941.

*Durwood T. Pye,* for plaintiff.
*Woodruff & Ward, Philip Etheridge,* for defendant.

FELTON, J. N. W. Brewer sued Commercial Credit Company for damages for an alleged trespass in the illegal taking from the plaintiff's home of a washing machine which had been purchased by the plaintiff from Brown Refrigerating Company at a price of $94.20, on which there was a balance due of $15.60 at the time of the alleged trespass. The court directed a verdict for the defendant and the plaintiff excepted to the overruling of his motion for new trial.

■ The defendant introduced in evidence an unrecorded conditional-sale contract allegedly given for the purchase-price of the washing machine and purporting to have been executed by the plaintiff in the presence of L. H. Cole and Lucile Edwards as subscribing witnesses. The contract provided that if it were breached the holder might take possession of the machine, wherever located, without notice or demand, by process of law or otherwise. The plaintiff objected to the introduction of the contract on the grounds that there was no proof of its execution, that there was no production of the subscribing witnesses who, the evidence showed, were accessible in the State, and that their testimony had not been taken by deposition. The plaintiff denied that he had signed the contract. A witness for the defendant testified that L. H. Cole was in Columbus, Georgia, and that Lucile Edwards was around Gaines-

ville, Georgia. The purported contract had been accepted by the alleged seller of the machine: "Brown Refrig. Co., M. H. Brown, owner or firm member." A witness testified that the signatures of M. H. Brown on the original contract and on the transfer thereof to the defendant were genuine. The defendant also had the plaintiff write his name three times on a sheet of paper, which signatures were introduced in evidence for the purpose of comparison with plaintiff's alleged signature on the contract.

Code § 38-701 provides: "Production; proof of execution. Generally, the original writing shall be produced and its execution proved. The excepted cases are prescribed by law." Code § 38-706 provides: "Subscribing witness, production of; exceptions. The subscribing witness shall be produced in all cases except the following: 1. Ancient writings which prove themselves. 2. If from any cause the witness can not be produced or sworn. 3. Office bond required by law to be approved or attested by a particular functionary. 4. If the paper is only incidentally or collaterally material to the case. 5. If the party executing the instrument testifies to its execution." Code § 38-707 provides: "Proof where subscribing witnesses dead, insane, incompetent, inaccessible, or without memory of transaction. Whenever the subscribing witnesses to an instrument in writing are dead, insane, incompetent, or inaccessible, or, being produced, do not recollect the transaction, proof of the actual signing by, or of the handwriting of, the alleged maker shall be received as primary evidence of the fact of execution; and if such evidence shall not be attainable, the court may admit evidence of the handwriting of the subscribing witnesses, or other secondary evidence, to establish such fact of execution." Under the foregoing sections it was error to admit the contract in evidence. The plaintiff did not admit its execution, the subscribing witnesses were not produced, nor had their depositions been taken, and they were not shown to be inaccessible. Their absence from the county while present in the State was not inaccessibility. *Harris* v. *Cannon,* 6 *Ga.* 382, 389; *Baker* v. *Massengale,* 83 *Ga.* 137, 142 (10 S. E. 347). See *Dunaway* v. *Virginia-Carolina Chemical Co.,* 142 *Ga.* 383 (82 S. E. 1071). Under the section last cited secondary evidence going to prove the execution of the contract was insufficient to authorize the admission of the contract.

■ It was not error to admit in evidence the following document

over the objections that there was no proof of its execution and that the testimony showed that it had not been executed by the plaintiff: "Commercial Credit Companies. Please Complete and Return to Address Shown on Coupon Book. . . N. W. Brewer, Rt. 2, Powder Springs, Ga. Brown Refrig. Co., Atlanta, Ga., transaction No. 321-6684; monthly payment 5.20, mailing date 25, payments 16, amount of note $83.20. . . Please Read Carefully. Is the above information correct? . . Please sign below and mail this notice to us promptly to address shown on face of coupon book enclosed. . . N. W. Brewer, Route 2, Powder Springs, Ga.; date signed, Feb. 1, 1939. Occupation bricklayer." In evidence were three signatures of the plaintiff which he wrote while on the witness stand. These raised a question for the jury as to the execution of the document.

■ There is no merit in the exception made in ground 7 of the motion for new trial.

Under the above rulings it was error for the court to direct a verdict for the defendant and to overrule the plaintiff's motion for new trial. The questions raised by the general grounds will not be passed on at this time for the reason that it can not now appear what questions will be raised and adjudicated on the next trial.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*