31455. CLAY *v.* HOWINGTON.

Decided February 20, 1947.

*Burress & Dillard,* for plaintiff.

*Jones, Williams & Dorsey, James W. Dorsey,* for defendant.

GARDNER, J. ■ Counsel for the defendant Clay (the plaintiff in error) after making certain preliminary remarks, some of which are somewhat facetious, states: "Seriously, this court will find that the real complaints of plaintiff in error are to the rulings complained of in the exceptions pendente lite and in the amendment to defendant's motion for a new trial, and we will argue them in this order." We will deal first with the questions in the order suggested by distinguished counsel for the defendant. It is our opinion that the original petition as amended in the first instance was not subject to dismissal for any of the six grounds as set out in the exceptions pendente lite for any of the reasons therein assigned. And the court very properly entered its order reinstating the original petition during the same term of court in which the petition was dismissed. We have set out the pleadings in detail. The court did not err in allowing the petition to be amended in the particulars set out in the final amendment which added a new count as well as other allegations which were allowed to the first count of the petition as finally amended. The amendment finally allowed permitting the original petition to proceed in two counts did not add a new and distinct cause of action and was not otherwise objectionable as pointed out by the defendant in his exceptions pendente lite. In the case of *Henry Darling Inc.,* v. *Harvey-Given Co.,* 40 *Ga. App.* 771 (151 S. E. 518), this court said:

"Where an agent or subagent of an insurance company procures the company to deliver a policy to another as the insured and himself pays the premium, and the circumstances are such as to warrant the inference that the insured contemplated such action on the part of the agent and intended to reimburse him, he may sue and recover of the insured the amount so advanced for the insured's benefit." See also *Milton* v. *Milton,* 195 *Ga.* 130, 133 (23 S. E. 2d, 411), which deals with more than one count in the petition.

■ Special grounds 1, 2, and 3 assign error upon admitting in evidence by the plaintiff, over objections of the defendant, original duplicate monthly statements which the plaintiff claims to have mailed to the defendant. Mr. Green, an agent for the plaintiff, testified that, after the policies on the two planes had been issued for the defendant at his request, the plaintiff mailed monthly statements to the defendant, and that the plaintiff kept duplicate originals of the monthly statements. The plaintiff served the defendant with notice to produce the originals of these statements. The defendant denied having received them in due course of mail. The witness Green stated in effect that the defendant stated that if the defendant received them the defendant thought that the statements were mailed to him by mistake. Green further testified that he exhibited the duplicate originals which were introduced in evidence to the defendant a short time before the policies expired while Green was endeavoring to collect the premiums from the defendant and the defendant admitted the correctness of the amount stated in the duplicate originals and asked for further time in which to pay the amount sued for. These duplicate originals were tendered in evidence by the plaintiff. The defendant objected to this admission in evidence on the ground that the plaintiff had failed to show that the original statements had ever been mailed to the defendant and therefore there was no basis of any presumption that the defendant had received the notices. In admitting the duplicate originals the court stated that they were not admitted on the basis of any presumption of receipt of them on the part of the defendant by virtue of their having been mailed to the defendant but the court admitted them on the basis of Green's positive testimony that they were exhibited to the defendant and the defendant admitted the correctness of the account as shown by the copies or

duplicate originals, and requested additional time within which to pay. Of course, if the court admitted the copy statements on the principle of law that they had been properly mailed to the defendant, the admission of them was erroneous. *Cassel* v. *Randall,* 10 *Ga. App.* 587 (73 S. E. 858). But in our opinion they were admissible on the basis which the court gave in admitting them. The evidence sufficiently laid the foundation upon which the court admitted them. The fact that the evidence on the point is conflicting raises a question of fact for the jury and not for this court to determine. These grounds show no reversible error.

■ Special ground 4 assigns error upon the admission of testimony on cross-examination of the defendant by counsel for the plaintiff, over the objection of the defendant's counsel. The following questions were propounded and the following answers given:

"Q. Can you testify positively that you didn't have a conversation with Mr. John Green over the telephone with reference to that policy? A. The renewal of that policy? Q. The renewal of the policy. A. Yes, I think I can. Q. Are you positive that you did not have any such conversation with him in regard to the renewal of that policy? A. No sir, I didn't have any conversation with him in regard to the renewal of that policy. Q. And, if Mr. Green testifies that you did then he is just mistaken and wrong in saying that he had such conversation? A. One of us is wrong." When the last question was propounded, the attorney for the defendant objected to it and to any answer in response thereto. The defendant himself stated that he would answer it and the court permitted him to do so. While the last question propounded was improper and the court should have sustained the objection, but when we look to the defendant's answer to that question, no harm could possibly have resulted from the questions and answers. The witness did not say that the witness Green was wrong or mistaken. If he had, perhaps he would have invaded the province of the jury, but to answer that "one of us is wrong" is quite a different thing from saying that Mr. Green was mistaken or wrong. The last question propounded and the answer thereto as far as the facts of this case are concerned, did not violate the rule that one witness is not to be permitted to state whether the testimony of another witness is true.

■ Special ground 5 assigns error on the ground that the court

erred in the admission of duplicate-original copies of the two insurance policies in question. Mr. Green, witness for the plaintiff, testified with reference to the insurance policies that they were procured by the plaintiff from the insurance company, and that they were properly countersigned and became effective as of the date issued; that he was in charge of the office and that the original policies were, under his direction, properly prepared and addressed and stamped together with a statement of the insurance premium, to the defendant's address. He further testified that he did not know of his own knowledge that they were mailed to the defendant, but that they had never been returned to the plaintiff's office. The defendant was served with notice to produce the original insurance policies. In response, the defendant denied receiving the insurance policies through the mail. The court admitted the duplicate-original insurance policies in evidence. In admitting the said copies of the policies the court stated that they were not admitted because of any presumption of receipt of them by the defendant through the mail, but that they were admitted on the basis of the witness Green's identification of them as duplicate-original copies which Green testified were actually put into effect by the plaintiff upon the request of the defendant. In our opinion, and under the evidence in this case, the court did not err in admitting in evidence for the consideration of the jury the copy of the policies for the purpose of having the jury consider the issues in this case. Code, § 56-801 reads: "Nature of contract: Necessity of writing: Delivery: The contract of fire insurance is one whereby an individual or company in consideration of a premium paid, shall agree to indemnify the assured against loss by fire to the property described in the policy, according to the terms and stipulations thereof. Such contract, to be binding, shall be in writing; but delivery shall not be necessary if, in other respects, the contract shall be consummated."

■ General grounds: While the evidence is conflicting on many material issues it is sufficient to sustain the verdict.

The court did not err in overruling the motion for a new trial for any of the reasons assigned.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*