76090. WEBB v. THE STATE.
(370 SE2d 204)

McMURRAY, Presiding Judge.

Defendant's first trial for the offense of armed robbery ended in a mistrial. Upon retrial approximately three weeks later, defendant was convicted of armed robbery and now appeals. *Held*:

1. In view of the victim's identification testimony, the evidence was sufficient to authorize any rational trier of fact to find defendant guilty of armed robbery beyond a reasonable doubt. See *Jackson v.*

*Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560). The weight and credibility to be afforded the victim's testimony was a matter for the jury to resolve. *Harris v. State,* 155 Ga. App. 530 (271 SE2d 668). This court cannot review the "quality" of evidence; it can only review the sufficiency of evidence. *Thomas v. State,* 175 Ga. App. 873 (1) (334 SE2d 903).

2. On February 19, 1987, prior to the first trial, defendant made a "motion to exclude the testimony of the victim on grounds of incompetency . . . pursuant to O.C.G.A. 24-9-5 & 7." In this regard, defendant moved "the Court to hold a pre-trial hearing into the competency of the victim . . . to determine if he has sufficient capacity to be a witness in this case, it being defendant's contention that the said [victim] is not competent to be a witness in this case."

During the course of the first trial on March 17, 1987, the following transpired: "[Defense Counsel]: Your honor, before [the victim] takes the stand I have another motion I like [sic] to make which I previously filed in this case. I like [sic] to take that up outside the presence of the jury. THE COURT: Let me see this motion. This is [the victim] here? [Assistant District Attorney]: Yes, sir. THE COURT: I overrule your motion. [Defense Counsel]: Your honor, I think I'm entitled to — THE COURT: I read it. [Defense Counsel]: — make an inquiry on this. THE COURT: I read it. That's the court's responsibility to do that. [Defense Counsel]: I know. I'm asking you to do that outside the presence of the jury before he testifies. THE COURT: I ruled, counsel. (Whereupon, [the victim] testified). [Defense Counsel]: Your honor, I like [sic] to make a motion outside the presence of the jury. THE COURT: Let the jury go out for one moment, please. (Whereupon the jury retired to the jury room.) . . . [Defense Counsel]: Just want to make clear for the record before [the victim] took the stand I made a motion outside the presence of the jury that I previously filed, and you asked to see that, which was the motion entitled motion to exclude the testimony of the victim on grounds of incompetency. That was filed in this office on February 19 of 1987. That was a motion that I presented for you to review along with my letter of March 6 of 1987 with a copy to [the Assistant District Attorney] requesting a hearing on that prior to trial. I just wanted to make sure that was part of the record as to what you reviewed prior to [the victim] — THE COURT: I said I'll look at it. I looked at [the victim] sitting over there, and I overruled your motion. He's not incompetent to me. He's a young man. I heard him testify. He seems to be extremely competent to me. He has some speech impediment: other than that, I don't see anything wrong with him."

On April 8, 1987, during the course of the second trial and prior to the victim taking the stand, the following transpired: "[Defense Counsel]: Other thing, your honor, is I would like to renew my motion

to exclude the testimony of [the victim] on the grounds of incompetency under grounds twenty-four, nine, and seven [OCGA § 24-9-7] that I previously filed in this case. I raised that at the last trial of this matter and I raise it again. THE COURT: Well, I don't know why we're going through it again, but, as before, you stated no grounds. [Defense Counsel]: Well, I'm stating that the ground is that this man is not competent to testify and there's — does not have sufficient capacity to understand the nature of an oath and to give truthful testimony and under twenty-four, nine, five and seven [apparently OCGA §§ 24-9-5; 24-9-7] I so moved back on February 19th, and I renew that motion before he takes the stand. THE COURT: Well, the record ought to show that I have heard him testify, I have seen him, heard him testify in a prior trial, and he is very competent to testify. I overrule the motion."

OCGA § 24-9-5 provides that "[p]ersons who do not have the use of reason, such as idiots, lunatics during lunacy, and children who do not understand the nature of an oath, shall be incompetent witnesses." OCGA § 24-9-7 provides in pertinent part that "[t]he competency of a witness shall be decided by the court. The court shall by examination decide upon the capacity of one alleged to be incompetent from idiocy, lunacy, insanity, drunkenness or infancy."

In his second enumeration of error, defendant contends the trial court erred in overruling his request for a hearing with regard to the competency of the victim. We disagree. Defendant made his "motion to exclude the testimony of the victim on grounds of incompetency . . . pursuant to O.C.G.A. 24-9-5 & 7" in the broadest of terms without distinctly alleging what category of "[p]ersons who do not have the use of reason" the victim fit into. Could the victim be alleged and shown to be an idiot, or a lunatic during lunacy, or a child who does not understand the nature of an oath, or all three categories? The record and transcript do not establish an affirmative answer to this question. At the second trial the trial court stated to defense counsel: "Well, I don't know why we're going through it again, but as before, you stated no grounds." Defense counsel responded: "Well, I'm stating that the ground is that this man is not competent to testify and there's — does not have sufficient capacity to understand the nature of an oath and to give truthful testimony and under twenty-four, nine, five and seven [apparently OCGA §§ 24-9-5; 24-9-7]." At no point did defendant raise a distinct objection to the competency of the witness. See *Dowdy v. Watson & Lewis*, 115 Ga. 42 (41 SE 266). He simply requested a hearing without specifying any valid ground of incompetency as applies to the facts and circumstances of the case sub judice. Compare *Gilstrap v. State*, 90 Ga. App. 12, 14 (2) (81 SE2d 872), in which the witness was alleged to have been insane. In the case sub judice, when pressed by the trial court for grounds, de-

fense counsel responded "this man is not competent to testify and there's — does not have sufficient capacity to understand the nature of an oath and to give truthful testimony and under twenty-four, nine, five and seven [apparently OCGA §§ 24-9-5; 24-9-7]."

Everyone is presumed competent to testify. *Redfield v. State*, 240 Ga. 460, 461 (3) (241 SE2d 217). Under the particular facts and circumstances of the case sub judice in the absence of a specific allegation of the category of incompetency, we see no need for the trial court to conduct an examination to decide the capacity of a witness. See *Dowdy v. Watson & Lewis*, supra; OCGA § 24-9-7. The trial court did not err in refusing to conduct an examination, in addition to the trial court's observation of the victim and his testimony during the course of the first trial, with regard to the victim's competency, no applicable specific ground of incompetency having been alleged.

3. The trial court concluded its charge on parties to a crime by stating: "If you find the evidence supports that [defendant] participated in that robbery in any way then he could be convicted of the offense of armed robbery. That is, even though he didn't do everything that was done. If he participated. Participation just doesn't mean just being there or happen to be standing by or anything like that. You must actively participate in it. And as I charged you earlier, a crime involving the act and intention. So you can't just be a bystander."

Defendant contends the trial court erred in using the words "in any way" in its charge. In view of the trial court's full charge concerning participation in a crime (and its previous discussion illuminating the ways in which a person may be a party to a crime) we find no error. The words "in any way" were qualified by the charge as a whole.

The victim testified that defendant was one of three assailants who robbed him. Accordingly, the trial court did not err in charging on parties to a crime. *Battle v. State*, 231 Ga. 501 (202 SE2d 449).

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED JUNE 1, 1988.

*John A. Pickens*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Harvey W. Moskowitz, Richard E. Hicks, Assistant District Attorneys*, for appellee.