A89A1181. ARGO v. THE STATE.
(386 SE2d 545)

POPE, Judge.

On the morning of February 16, 1988, the victim, who lived alone, waked up at 4:40 a.m. and saw a man's shadow outside her bedroom door. The intruder sat next to her on the bed and told her he had seen her earlier when he worked with a tree cutting service in her yard. He said: "I wanted you and here I am. . . . [Y]ou know what I want." He leaned over to kiss the victim and ran a knife over her nightclothes down her chest. By remaining remarkably calm and engaging the man in conversation the victim initially was able to talk the man out of sexually assaulting her. However, he eventually became angry at the victim and slashed at her with a knife. She was able to escape the house after spraying the intruder with mace. At trial the victim unequivocally identified the defendant as her assailant. Defendant was convicted of aggravated assault, burglary and possession of a knife during the commission of a felony. We affirm.

1. Defendant asserted an alibi defense and, in addition to his own testimony, presented the testimony of four relatives as witnesses that he had been at his home many miles from the victim's home during the early morning hours in question. The credibility of witnesses is a question for the jury. *Desaussure v. State*, 258 Ga. 790 (374 SE2d 726) (1989). The victim's testimony and circumstantial evidence presented by the State support the verdict. We conclude the evidence was sufficient to convince any rational trier of fact of every essential element of the crimes of which defendant was convicted under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d

560) (1979).

2. The conviction for aggravated assault with intent to rape does not merge with the burglary conviction. See *Palmer v. State*, 174 Ga. App. 720 (331 SE2d 77) (1985); *Taylor v. State*, 157 Ga. App. 212 (4) (276 SE2d 691) (1981).

3. Defendant argues the trial court erred in denying his motion for new trial on the ground he was denied effective assistance of counsel. We have examined the trial transcript and the transcript of the evidence presented at the hearing on defendant's motion for new trial and conclude that this enumeration of error has no merit. The testimony presented at the motion hearing shows defendant's trial counsel exercised sound judgment in not calling all thirteen witnesses identified by defendant as alibi witnesses. He also exercised reasoned and sound judgment, after consulting with his client, in declining to move for a mistrial during jury deliberations.

No ground for granting a new trial is shown by the fact that trial counsel did not obtain a copy of the police report of the victim's statements to the investigating officer for purposes of cross-examining the victim. First, we note that trial counsel was not entitled to a copy of the police report because it did not contain any in-custody statement by defendant, scientific reports or exculpatory evidence. See *Wansley v. State*, 256 Ga. 624, 626 (352 SE2d 368) (1987). Moreover, no material inconsistency exists between the victim's trial testimony and the police report of the victim's statement. Any complaint about trial counsel's failure to cross-examine the witness concerning her testimony at the preliminary hearing was waived when his counsel on appeal notified the trial judge that he found no material discrepancies between the two testimonies.

Finally, a review of the instructions given to the jury by the trial judge shows that the instructions were adequate and complete. Therefore, defendant has failed to show he is entitled to a new trial on the ground his trial counsel failed to file written requests to charge or to reserve objections to the charge.

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 11, 1989.

*J. M. Raffauf*, for appellant.
*Robert E. Wilson, District Attorney, Barbara B. Conroy, Assistant District Attorney*, for appellee.