A89A2045. AIKENS v. THE STATE.
(390 SE2d 102)

McMURRAY, Presiding Judge.

Defendant was indicted in three counts for murder (Count 1), possession of a firearm during the commission of a crime (Count 2) and possession of an alcoholic beverage by a minor (Count 3). The evidence adduced at a jury trial revealed the following: At about 11:30 p.m. on November 26, 1987, defendant, who was then 16 years of age, was involved in a barroom brawl at a "hang out" in Valdosta, Georgia known as the "Hole-in-the-Wall." During the fight, defendant shot the victim with a handgun; "ran" to a staircase located inside the bar and, as defendant was fleeing "back upstairs," he "turned around and shot the second time." The victim died of a gunshot wound to the chest.

Two officers of the Valdosta Police Department were parked in the near vicinity of the "Hole-in-the-Wall" and heard "two gunshots." They went to investigate and discovered the victim on "the pavement" in a pool of blood. A witness identified defendant as the gunman and defendant was arrested and taken to the police station. A test was administered to determine the alcohol content in the defendant's blood. The test revealed defendant's blood alcohol concen-

tration to be ".10 grams."

Defendant was found guilty on Counts 2 and 3 of the offenses charged and was found guilty of the lesser offense of voluntary manslaughter on Count 1. His motion for new trial was denied. This appeal followed. *Held*:

1. Defendant first asserts the general grounds, arguing that the "weight of his evidence outweighs the State's evidence. . . ." This contention is without merit.

"The weight and credibility to be afforded . . . testimony was a matter for the jury to resolve. *Harris v. State*, 155 Ga. App. 530 (271 SE2d 668). This court cannot review the 'quality' of evidence; it can only review the sufficiency of evidence. *Thomas v. State*, 175 Ga. App. 873 (1) (334 SE2d 903)." *Webb v. State*, 187 Ga. App. 348 (1), 349 (370 SE2d 204). From this perspective, we find the eyewitness testimony that defendant shot the victim, the physical evidence corroborating this testimony and evidence showing that defendant was a minor with a blood alcohol concentration of ".10 grams" sufficient to authorize the jury's verdicts under the standard of proof required in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Next, defendant contends "[t]he Trial Court erred in allowing the State to reopen its presentation of evidence by allowing another State's witness to testify after the State had rested its case."

The trial court is vested with broad discretion in allowing a party to reopen its case and present evidence. *State v. Roberts*, 247 Ga. 456, 458 (277 SE2d 644); *Wansley v. State*, 256 Ga. 624, 626 (5) (352 SE2d 368). In the case sub judice, the State rested its case before a lunch recess and the trial court allowed the State to reopen its case after the recess and present additional evidence before defendant presented his case to the jury. Under these circumstances, we find no abuse of discretion in allowing the State to reopen its case.

3. In his final enumeration, defendant contends "[t]he Trial Court erred in allowing the State to impeach a defense witness by allowing the State to introduce three non-dated handwritten statements allegedly written by the witness."

Walter Lee Anderson, Jr., was called by the defense. Anderson testified that he was with defendant on the night of the shooting and that defendant "didn't shoot nobody. I didn't see it if he did." On cross-examination, the State's attorney presented the defense witness with three handwritten statements identifying defendant as the perpetrator of the shooting. The statements indicated the following signatures: "Walter Lee Anderson," "Walter Anderson" and "Walter Anderson." Anderson denied writing the statements. In rebuttal, Detective Mike Courson of the Valdosta Police Department testified that Walter Lee Anderson, Jr., was transported to the police station on the morning after the shooting and that Anderson there executed

and signed the three handwritten statements identifying defendant as the perpetrator of the shooting. Defense counsel objected when the State offered the statements into evidence saying, "No dates, times, or anything else." The trial court allowed the documents into evidence.

"Our rules of evidence provide a wide variety of means by which a party may authenticate a writing. A witness who saw the writing being made may, of course, testify to its genuineness. Code § 38-706 [now OCGA § 24-7-4]; *Brewer v. Commercial Credit Co.*, 66 Ga. App. 138 (17 SE2d 243)." *Martin v. State*, 135 Ga. App. 4, 6 (3), 7 (217 SE2d 312). Detective Courson's testimony in the case sub judice was sufficient to authenticate the statements purportedly executed by Anderson. The question of whether these statements were actually executed by Anderson was a question for the jury. See *Clay v. Howington*, 74 Ga. App. 794, 799 (2), 800 (41 SE2d 571). This enumeration is without merit.

*Judgment affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED JANUARY 9, 1990.

*William D. Edwards*, for appellant.

*H. Lamar Cole, District Attorney, J. David Miller, Assistant District Attorney*, for appellee.