## A89A1922. KERR v. THE STATE.
### (391 SE2d 449)

BIRDSONG, Judge.

Larry Wayne Kerr appeals his conviction for possession of marijuana, possession of a sawed-off shotgun, driving under the influence of alcohol, fleeing and attempting to elude a police officer, and failure to maintain no-fault insurance. On appeal, he complains that the evidence was insufficient to support the verdict, that his statement to police was involuntarily made and admitted in violation of his constitutional rights, that the trial court erred in denying mistrial upon the grounds urged that he was brought into the courtroom in prison clothing, and that the trial court's refusal to allow him to be present at his hearing on motion for new trial was legal error. *Held*:

1. The evidence showed that on May 17, 1988, a police lookout was placed on a light blue Cadillac from which the driver was pointing a shotgun at passing motorists. The police located the blue Cadillac and saw a man, holding plastic bags and money, leaning in the driver's window of another parked car. Officer Morris saw the man's face as he backed out of that car and later identified him as appellant Kerr. Appellant ran to the blue Cadillac and drove away. The officer pursued, with blue lights flashing, but appellant failed to pull over, was weaving in and out of traffic and nearly hit other cars. Appellant wrecked his vehicle and fled on foot until ordered to "freeze." He did so, but fled again when the officer's foot slipped down an embankment. When finally apprehended, appellant struggled against being handcuffed and placed in the police car and stated he was "just trying. to make a buck."

In the blue Cadillac, officers found a loaded sawed-off shotgun with hammer cocked, a .38 caliber pistol under the accelerator pedal; and in the passenger floorboard a clear plastic bag with a brown substance which proved to be marijuana, and some plastic bags in the front seat.

Appellant defended by saying he was not in the car when it was stopped, that he had reported to the Villa Rica police that his car had been stolen, and that on May 17, 1988, he was merely walking down the road when an officer stopped and told him he was being arrested for DUI and eluding a police officer.

The jury heard all the evidence and were the judges of credibility; on appeal we must view the evidence in the light of the jury's factual determinations and in favor of the verdict. Thus, on review, we do not weigh the evidence but determine the sufficiency of the evidence to support the verdict. *Webb v. State*, 187 Ga. App. 348, 349 (370 SE2d 204). The evidence in this case is sufficient to enable a rational juror to find proof of appellant's guilt of all crimes found beyond a reasonable doubt (*Jackson v. Virginia*, 443 U. S. 307 (99 SC

2781, 61 LE2d 560)), and to find that appellant was not insane at the time of the crimes.

2. The trial court did not err in finding that appellant knowingly and voluntarily waived his *Miranda* rights and that his statements were voluntary. The *Jackson-Denno* evidence showed he was questioned the day after his arrest, after he had slept, and that no threat or intimidation was used to induce an involuntary statement. The fact that there was evidence appellant ranked in the lower three percent of population in range of intelligence, does not render his voluntary statement invalid or involuntary. See *Johnson v. State*, 256 Ga. 259, 260 (347 SE2d 584); *Caffo v. State*, 247 Ga. 751, 755-757 (279 SE2d 678); *Williams v. State*, 238 Ga. 298, 302 (232 SE2d 535). Appellant contends in essence he could not have made an *intelligent* waiver of *Miranda* rights, because he is not "intelligent." The law does not require a high or average degree of intelligence to validate a waiver of the right to counsel, but requires a *knowing* waiver. In determining this issue, the court must consider the totality of the circumstances and decide to the preponderance of the evidence. *Pierce v. State*, 238 Ga. 126, 129 (231 SE2d 744). The evidence in this case, in its totality, does not indicate appellant's waiver was unknowing or involuntary, or that his statement was wrongly induced.

3. The trial court did not err in refusing a mistrial on grounds urged that appellant was brought before the jury in prison garb. The record shows plainly that appellant wore green coveralls which bore no insignia or markings or indication that it was prison clothing. Appellant's counsel did not object to this matter until after appellant had entered and counsel had announced ready for trial and a jury was impanelled and sworn. Any valid objection to the matter was therefore waived. In any case, the green coveralls were not shown to be so distinctly evident as a prison garment as to prejudice his trial. *State v. Pike*, 253 Ga. 304, 307-308 (320 SE2d 355), reversing 169 Ga. App. 358 (312 SE2d 808); *Lockhart v. State*, 172 Ga. App. 170 (322 SE2d 503); *Hayslip v. State*, 154 Ga. App. 835 (270 SE2d 61).

4. Appellant asserts that the denial of his request to be present at the hearing on his motion for new trial was error. This proceeding was not a confrontational or prosecutorial function, but was a review of the trial itself. If denying his attendance was a violation of Uniform Superior Court Rule 34, such violation of a court rule does not require reversal of the jury's verdict. Although it may be deemed best in usual circumstances to allow attendance per USCR Rule 34, constitutional and substantive law does not entitle him to be present at post-verdict proceedings such as a motion for new trial. *Brown v. State*, 250 Ga. 66, 75 (295 SE2d 727); *Dobbs v. State*, 245 Ga. 208, 209 (264 SE2d 18).

*Judgment affirmed. Deen, P. J., and Cooper, J., concur.*

Decided February 21, 1990.

*John T. Simpson*, for appellant.
*William G. Hamrick, Jr., District Attorney, Agnes McCabe, Assistant District Attorney*, for appellee.