## A91A1563. BROWN v. THE STATE.
### (411 SE2d 366)

BIRDSONG, Presiding Judge.

Brown was tried on three counts of robbery by intimidation and convicted of two. He appeals, contending that the trial court erred (1) in denying his motion for new trial or, in the alternative for a continuance, in order to obtain more appropriate clothing for his appear-

ance in court; and (2) in allowing the jury's request to view previously shown videotaped evidence in slow motion and freeze-frame during their deliberations. *Held*:

1. Appellant was brought to court wearing tennis shoes and a light blue jogging suit without any markings or identification of any kind. His complaint is that he was forced to appear in court in a dirty, wrinkled and cigarette-burned jogging suit which belonged to another inmate even though another jogging suit in better condition was available at the jail, and that the State failed to assist him in making a more appropriate appearance before the court.

We find no showing of prejudice or harm to appellant requiring reversal by his appearance at trial. Nor has appellant established that the State either knowingly denied him more acceptable attire or had any duty to procure it. Indeed, the trial judge commented that he saw no problem with appellant's appearance, and the photographs taken with the court's permission for inclusion in the record indicate nothing to distinguish his clothing as prison garb or different from normal attire. This enumeration of error is without merit. *McCarr v. State*, 197 Ga. App. 124 (3) (397 SE2d 711); *Kerr v. State*, 194 Ga. App. 604 (3) (391 SE2d 449). See also *State v. Pike*, 253 Ga. 304 (320 SE2d 355), reversing *Pike v. State*, 169 Ga. App. 358 (312 SE2d 808), upon which appellant relies.

2. We likewise find no error in allowing the jury during its deliberations to view at slower speed the surveillance tapes taken at two convenience stores during the robberies in which appellant was alleged to have participated. The videotapes were not altered or enhanced so as to present "different and distorted images" from what was admitted in evidence during the trial proceedings, as appellant argues. The first tape was shown exactly as at trial except for a pause at one frame as requested by a juror. The court permitted the second tape to be slowed down and replayed "because the jury showed concern about it."

"This was not 'new evidence.' It was a second viewing of the same evidence. [Cits.] Our appellate courts have recognized the general rule that the trial court has discretion to 'hear again' evidence previously presented. [Cits.]" *Haynes v. State*, 180 Ga. App. 202 (2) (349 SE2d 208). It has also been established that "the better view is to allow the trial judge to exercise a sound discretion in determining whether or not, upon a request by the jury, after commencement of deliberations, the evidence should be reopened and new evidence admitted." *State v. Roberts*, 247 Ga. 456, 458 (277 SE2d 644). Under the circumstances here, we find no abuse of discretion. See *Aikens v. State*, 194 Ga. App. 195 (2) (390 SE2d 102).

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED OCTOBER 15, 1991.

Shaw, Maddox, Graham, Monk & Boling, William H. Boling, Jr., for appellant.

Stephen F. Lanier, District Attorney, Leigh E. Patterson, Assistant District Attorney, for appellee.