### A92A0425. CONCEPCION v. THE STATE.
(421 SE2d 554)

COOPER, Judge.

In *Concepcion v. State*, 200 Ga. App. 358 (408 SE2d 130) (1991), we affirmed appellant's conviction of aggravated assault with intent to rape and false imprisonment. We also remanded appellant's case to the trial court for a hearing on appellant's claim of ineffective assistance of counsel. The trial court conducted a hearing on that claim and denied appellant's motion for new trial. Appellant contends on appeal that the trial court erred in denying his motion for new trial on the grounds of ineffective assistance of counsel.

Appellant argues that his trial counsel was ineffective in failing to reserve objections to the trial judge's charge to the jury, thus not preserving those errors for appellate review, and in failing to request a charge on impeachment. "Pursuant to the two-prong test enunciated in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), defendant must meet two tests in order to prevail on his ineffective assistance of counsel claim: '1) he must show that trial counsel's performance was deficient in that he made errors so serious that he was not functioning as the "counsel" guaranteed defendant by the Sixth Amendment; 2) defendant must show that the defense was prejudiced by the deficient performance so that defendant was deprived of a fair trial, one whose results were reliable. (Cit.)' [Cit.] As to the first prong, the Supreme Court has approved the 'reasonably effective assistance' standard adopted in *Pitts v. Glass*, 231 Ga. App. 638 (203 SE2d 515) (1974). 'Thus "(t)he reasonableness of counsel's performance is then considered in light of the totality of the circumstances, viewed from counsel's performance at the time of trial, thereby eliminating the possible distortions of hindsight analysis. (Cit.) The defendant must overcome the strong presumption that counsel's conduct falls within the broad range of reasonable professional conduct." [Cit.] As to deficient performance, errors in judgment and tactical errors do not constitute denial of effective assis-

tance of counsel. [Cit.]' [Cit.] ' "Regarding the second prong of the test, the defendant must show that the deficient performance actually prejudiced the defense. In other words he must show there is a reasonable probability that the outcome of the proceedings would have been different, but for counsel's unprofessional errors. [Cits.]" ' [Cit.]" *White v. State*, 193 Ga. App. 428 (2) (387 SE2d 921) (1989). We have reviewed the trial transcript and the transcript from the hearing on appellant's motion for new trial. Although trial counsel offered no explanation for his failure to reserve objections to the jury charges or his failure to request a charge on impeachment, we are required to look at the totality of trial counsel's representation in evaluating appellant's claim of ineffective assistance of counsel. See *Pitts v. Glass*, supra. Upon doing so, it appears that appellant's trial counsel rendered reasonably effective services to appellant throughout the trial, and appellant's assertion to the contrary is without merit. Furthermore, our review of the trial court's charge to the jury reveals that the instructions were adequate and complete. "Therefore, [appellant] has failed to show that he is entitled to a new trial on the ground his trial counsel failed to file written requests to charge or to reserve objections to the charge." *Argo v. State*, 192 Ga. App. 794 (3) (386 SE2d 545) (1989).

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED JULY 2, 1992 —
RECONSIDERATION DENIED JULY 23, 1992 — 

Lenzer & Lenzer, Robert W. Lenzer, Thomas P. Lenzer, *for appellant.*

*Thomas C. Lawler III, District Attorney, Debra K. Turner, Assistant District Attorney, for appellee.*