A92A1525. ENGLISH v. THE STATE.
(422 SE2d 924)

CARLEY, Presiding Judge.

Appellant was tried before a jury and found guilty of three counts of selling cocaine. He appeals from the judgments of conviction and sentences entered by the trial court on the jury's guilty verdicts.

1. The sales of cocaine were secretly videotaped by the undercover agent who made the purchases. From the master tape of the sales, a copy was then made wherein all irrelevant material was deleted. The videotape copy was then further edited so as to freeze those frames wherein the image of the seller appeared. The frozen frames on the videotape copy were then subjected to computer enhancement and a single photographic depiction of the seller, as enhanced, was produced. At trial, the copy of the master videotape containing the frozen frames and the single computer-enhanced photographic copy of the seller were introduced into evidence. On appeal, appellant enumerates as error the admission of the computer-enhanced photographic copy.

There is no contention that the videotape copy containing the frozen frames was inadmissible. See *Brown v. State*, 201 Ga. App. 510, 511 (411 SE2d 366) (1991). The technician who produced the computer-enhanced photographic copy testified to that process and further testified that, in his opinion, the photographic copy, as enhanced, was a "fair and accurate" representation of what appeared in the frozen frames of the videotape copy. Accordingly, it appears that the computer-enhanced photographic copy would be no less admissible into evidence than an enlargement of a photograph would be. Enlarged photographs are admissible in evidence provided there is no distortion of the objects shown therein. *Lockhart v. State*, 172 Ga.

App. 170, 171 (2) (322 SE2d 503) (1984). The technician testified that the computer-enhanced photographic copy was a "fair and accurate" representation and our own review shows no distortion. Accordingly, the computer-enhanced photographic copy was admissible for the jury's consideration in evaluating the identification testimony of the State's witnesses and the alibi testimony of appellant's witnesses.

2. Insofar as the general grounds are concerned, this court considers the sufficiency, not the weight, of the evidence. In the instant case, the jury, as it was authorized to do, chose to believe the State's witnesses rather than appellant's alibi witnesses. Construing the evidence most favorably for the State, it was sufficient to authorize a rational trior of fact to find proof of appellant's guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgments affirmed. Pope and Johnson, JJ., concur.*

DECIDED SEPTEMBER 28, 1992.

*Robert M. Bearden, Jr.,* for appellant.
*Willis B. Sparks III, District Attorney, Kimberly S. Shumate, Assistant District Attorney,* for appellee.