A97A0117. COLLEY v. THE STATE.
(483 SE2d 355)

JOHNSON, Judge.

Terry Jerome Colley appeals from his armed robbery conviction. Briefly, the evidence presented at trial is as follows: A teller at the Newnan Savings Bank testified that Colley approached her station and asked for some penny rollers. She left her station to get the rollers. When she returned, Colley told her to give him all of her money. As he made his demand, he pulled his shirt up revealing a gun stuffed into the waistband of his pants. The teller gave Colley the money in her cash drawer. He then ran out of the bank with money in

---

his hand and jumped into a gray car which sped away. The car was driven by Cheryl Pope. Pope's three children, her fiance, Jervey Simmons, and Teresa Walker were also in the car. Colley told them he had robbed the bank. The group went to a local restaurant to eat. After eating, Colley gave Simmons and Pope some money and they all went shopping. When they returned to the car they were placed under arrest.

1. Colley's trial counsel represented co-defendant Walker who pled guilty to a lesser offense prior to this trial. Colley now asserts that he was denied effective assistance at trial because his attorney failed to disclose a conflict of interest. "In order to prevail on a claim of ineffective assistance of counsel due to a conflict of interest on the part of his trial counsel, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his attorney's performance. *Cuyler v. Sullivan*, 446 U. S. 335, 348 (100 SC 1708, 64 LE2d 333) (1979). In a case of joint representation of conflicting interests, the evil is in what the advocate is compelled to refrain from doing. *Holloway v. Arkansas*, 435 U. S. 475, 490 (98 SC 1173, 55 LE2d 426) (1978)." (Emphasis omitted.) *Meyers v. State*, 265 Ga. 149, 150 (2) (454 SE2d 490) (1995). In connection with Walker's plea, the state agreed not to call Walker as a witness against Colley. Colley argues that this agreement limited the defenses he could present. However, he does not identify any possible defenses he was precluded from raising and does not indicate how the fact that the state agreed not to call Walker as a witness impinged upon Colley's ability to pursue those defenses. From our review of the evidence, the supposition that Walker's testimony could have exculpated Colley is completely illogical. Instead, it appears that Walker's testimony could only have been detrimental to Colley's case. Even if the state could not call the witness because of a condition of the plea agreement, Colley offers no explanation why he could not call Walker as a defense witness if he thought the testimony would be beneficial. Trial counsel was not, therefore, compelled to refrain from presenting a defense witness by his prior agreement with the state, because there was nothing to be gained by that witness' testimony. Colley has not established that trial counsel's representation of him was adversely affected by his representation of Walker. The trial court's determination that Colley had not been denied effective assistance of trial counsel as a result of a conflict of interest was not clearly erroneous and does not demand reversal by this Court. See *Warren v. State*, 197 Ga. App. 23, 24 (1) (397 SE2d 484) (1990).

2. Before the jury was brought into the courtroom on the day of trial, the issue of the clothing Colley was to wear at trial was taken up by the trial judge. From our review of the transcript, it appears

that at the time of his arrest Colley was wearing brand new clothes he had purchased after the robbery. On the day of trial, however, he was provided with clothing he had been wearing earlier on the day of his arrest, not the new clothes.[1] Colley initially acknowledged that a pair of shorts provided for him to wear at trial were his, but later claimed they were not his and said he did not want to wear them because they might be unsanitary. The trial judge explained to Colley that he had the right to wear civilian clothes at trial, but that since he had not arranged to have anyone bring him any other clothing in the two months between his arrest and trial, his options were to put on the clothes he had been wearing on the day of his arrest or to stay in his prison clothing. Colley told the judge he would wear his prison clothing and would appeal. Colley now does just that, asserting the trial court committed reversible error by requiring him to attend trial dressed in prison clothing.

It is well established in Georgia that a criminal defendant has a right to appear at trial in civilian clothes rather than prison clothing. A defendant does not, however, have the right to dictate to the court *which* civilian clothing he will wear. See *Brown v. State*, 201 Ga. App. 510, 511 (1) (411 SE2d 366) (1991). The trial judge specifically gave Colley two choices, he could wear either the civilian clothes or his prison clothing. He chose his prison clothing. The right to be tried in civilian clothing can be waived. *Timmons v. State*, 223 Ga. 450 (1) (156 SE2d 68) (1967). Colley was clearly aware of his right to wear civilian clothes at trial but nonetheless chose to appear in prison clothing. We see no grounds for reversal. See *Powell v. State*, 199 Ga. App. 544 (405 SE2d 540) (1991).

3. Finally, Colley asserts he was denied a fair trial due to prosecutorial misconduct because repeated references were made to his prison clothing. Colley's complaint arises from the prosecutor having asked state's witnesses to identify the perpetrator for the record. Instead, the record reveals that none of the witnesses referred to his attire as "prison clothing." The witnesses variously described Colley as the man in "an orange suit," "an orange jumper," "the orange vest thing," "the orange outfit," "the orange uniform like I got on," and "the orange jumpsuit" even when they were not asked to describe what Colley was wearing. Three of the witnesses were asked to describe what Colley was wearing after they had initially given only vague responses, such as, "he's the defendant" to the prosecutor's request to identify the perpetrator for the record. Colley contends that the prosecutor intended these responses to repeatedly call

---

[1] The new clothes were introduced as evidence at trial. A salesperson from the department store at which they were purchased testified they were purchased on the day of the robbery with $50 bills.

attention to his prison clothing. However, no objection was made at trial to the prosecutor's general question to identify the perpetrator for the record or to any of the responses. Therefore, there is no ruling by the trial court with regard to this issue. Issues "presented for the first time on appeal furnish nothing for us to review, for this is a court for correction of errors of law committed by the trial court where proper exception is taken, because one may not abandon an issue in the trial court and on appeal raise questions or issues neither raised nor ruled on by the trial court. [Cit.]" *Butler v. State*, 172 Ga. App. 405, 406-407 (1) (323 SE2d 628) (1984). Even if Colley had objected to the prosecutor's questions or the responses, prosecutorial misconduct is a serious charge, "and once appellant raises a charge of prosecutorial misconduct, he has the duty to prove it by the record and by legal authority. [Colley] does not cite to any legal authority for his claim that [these questions rise] to the level of prosecutorial misconduct and, therefore, we find this enumeration of error to be without merit." (Citations and punctuation omitted.) *Williams v. State*, 217 Ga. App. 636, 638-639 (4) (458 SE2d 671) (1995).

*Judgment affirmed. Pope, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MARCH 5, 1997.

*Knight, Stemberger & Gomez, Mark A. Gomez*, for appellant.
*Peter J. Skandalakis, District Attorney, Anne C. Allen, Suzanne C. Wilson, Assistant District Attorneys*, for appellee.