## A08A2005. HARRIS v. THE STATE.
### (673 SE2d 123)

BARNES, Judge.

Following a jury trial, Silas Albert Harris was convicted of one count of burglary (OCGA § 16-7-1), and sentenced to twenty years to serve in prison. He filed a motion for new trial which he later amended. The trial court denied the motion, and he appeals, contending that the evidence was insufficient and that the jury was seated improperly. Upon our review, we affirm Harris's conviction.

When reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the evidence demonstrates that on the night of October 25, 2005 the alarm at Powers Beverage Outlet was activated. When the owner arrived, he discovered that someone had broken into the store. Responding officers reviewed the video surveillance tape and obtained still images of the man who entered the store. The next day, a store employee reviewed the tape and recognized the burglar as a regular customer, who had been in the store earlier that evening. She did not, however, know the customer's name.

In March 2006, Harris came into the store and the same employee recognized him as the individual from the tape. She provided police with the tag number and description of the car he was driving, which was registered to Harris's roommate. The employee later identified Harris from a photographic lineup.

1. Harris contends that the identification of a single eyewitness, the store employee, was insufficient to prove that he was the person who committed the crime. We do not agree.

Harris's argument amounts to nothing more than a request that this Court reweigh the evidence already considered by the jury in this matter. This we will not do. OCGA § 16-7-1 (a) defines the offense of burglary as when a person, without authority and with the intent to commit a theft therein, enters a building. Here an eyewitness identified Harris as the man from the video who entered the store. A single witness is generally sufficient to establish a fact, OCGA § 24-4-8, and, thus, the evidence sufficed to sustain a verdict of guilt on the charge of burglary. *Standfill v. State*, 267 Ga. App. 612 (600 SE2d 695) (2004).

2. Harris also argues that the jury was not properly seated. We discern no error.

The record reflects that two members of the jury did not return to court before taking the final oath. Both sides consented to the next two jurors on the jury list being placed on the jury. The record does not reflect that Harris, as he now asserts, objected to the replacement of the two jurors. Harris moved to reselect the jury because he had not been given 15 minutes after voir dire to prepare for jury selection.[1]

The trial court denied the motion and asked if there was anything else. Harris responded that there was not, and the jury was seated and sworn along with the two new jurors. Harris's attorney did not object to the court's response or raise the issue of the replacement jurors. Because he did not raise the issue for the trial court to rule on, we have nothing to review, and the issue has been waived. *Colley v. State*, 225 Ga. App. 198, 201 (3) (483 SE2d 355) (1997).

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED JANUARY 28, 2009.

*Joseph J. Saia, George H. Weldon*, for appellant.

[1] Uniform Superior Court Rule 11 provides that "[a]fter completion of the examination of jurors upon their voir dire, the parties and their counsel shall be entitled, upon request, to 15 minutes to prepare for jury selection."

*Scott L. Ballard, District Attorney, Robert W. Smith, Jr., Assistant District Attorney*, for appellee.